IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| John Franklin Lyons, | Civil Action No.: 5:13-cv-03554-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] Plaintiff John Franklin Lyons, brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for disability insurance benefits under Title II of the Social Security Act ("the Act"). In her R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for disability insurance benefits on April 6, 2011, alleging a disability onset date of October 4, 2009. The applications were denied initially and on reconsideration. On June 1, 2011, Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on May 25, 2012. Plaintiff appeared without counsel and testified. A vocational expert also testified. The ALJ issued a decision dated August 28, 2012, finding that Plaintiff was not disabled at any time from October 4, 2009, the alleged onset date, through December 31, 2009, the date last insured. The ALJ's overall findings were as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of October 4, 2009 through his date last insured of December 31, 2009 (20 CFR 404.1571, *et seq.*).

3. Through the date last insured, the claimant had the following severe impairment: residuals of gunshot wound (20 CFR 404.1520(c)).

. . .

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

. . .

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform a range of light work as defined in 20 C.F.R. 404.11567(b) (lift/carry 20 pounds occasionally, 10 pounds frequently, sit about 6 out of 8 hours, stand and walk about 2 out of 8 hours) except for never pushing and pulling with the left lower extremity; standing and walking more than two hours in an eight-hour workday; never climbing ladders, ropers, and scaffolds; never balancing within the meaning of the Dictionary of Occupational Titles; occasionally climbing stairs and ramps, stooping, kneeling, crouching, and crawling; and avoiding concentrated exposure to hazards, such as unprotected heights or dangerous machinery.
. . .

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

. . .

7. The claimant was born on March 30, 1962 and was 47 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

> 8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocation Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).
>
> . . .
>
> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from October 4, 2009, the alleged onset date, through December 31, 2009, the date last insured (20 CFR 404.1520(g)).

Tr. 36-42.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on November 4, 2013. The Appeals Council considered new evidence Plaintiff submitted and specifically found:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision. The Council has carefully considered the additional records you submitted with you request for review (Exhibits 13E, 14E, 3F, 4F, and 5F). We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. We have concluded that the additional evidence does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at the additional records you submitted from Dr. Oxendine (MSS dated 10/16/2012-9 pages), Fred's Pharmacy (12/20/12-2 pages), Dr. Oxendine record (10/8/2012-1 page), Dr. Oxendine records (12/17/12-3 pages). The Administrative Law Judge decided your case through December 31, 2009, the date you were last insured for disability benefits. This new information is about a later time. Therefore it does not affect the decision about whether you were

disabled at the time you were last insured for disability benefits.

Tr. 1-2.

On December 20, 2013, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 25, 27, 28. On January 6, 2015, Plaintiff filed a motion to supplement the record. ECF No. 32. On January 29, 205, the Magistrate Judge issued her Report and Recommendation ("R&R") recommending that the Commissioner's decision be affirmed and Plaintiff's motion to supplement the record be denied. ECF No. 37. Plaintiff filed objections to the R&R, and the Commissioner filed a reply. ECF Nos. 42 and 45. On March 11, 2015, Plaintiff filed a motion to add new onset evidence and sur-reply to the Commissioner's reply to objections. ECF Nos. 48 and 49.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial

evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### DETERMINATION OF DISABILITY

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(a). These factors include the claimant's (1) "residual functional capacity," 20 C.F.R. § 404.1560(a); (2) age, 20 C.F.R. § 404.1563; (3) education, 20 C.F.R. § 404.1564; (4) work experience, 20 C.F.R. § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, 20 C.F.R. § 404.1566. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do

some other type of work, taking into account remaining vocational factors. 20 C.F.R. § 404.1560(c)(1). The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

## ANALYSIS

The Magistrate Judge recommended that the decision of the Commissioner be affirmed. Specifically, the Magistrate Judge found that: 1) the Administrative Law Judge ("ALJ") properly discounted Dr. Oxendine's medical opinion because it was unsupported by clinical data and inconsistent with the other evidence in the record; 2) the ALJ had no duty to develop the record for the *pro se* claimant because the ALJ determined that enough evidence existed to find that Plaintiff was not disabled; and 3) the Appeals Council's error of misconstruing the additional evidence as relating to the wrong time period was harmless because the additional evidence was not contrary to the weight of evidence considered by the ALJ and there is no reasonable possibility that the new evidence would have changed the outcome. The Magistrate Judge also recommended that Plaintiff's motion to supplement the record be denied.

Plaintiff objected to the Magistrate Judge's finding that there was no reasonable possibility that the new evidence would have changed the outcome. Plaintiff argues that Dr. Oxendine's post-DLI (date last insured) retrospective opinion is uncontradicted and supports the conclusion that Plaintiff was disabled by 2009. In light of the additional evidence submitted to the Appeals

7

Council, Plaintiff argues that the ALJ's findings were not supported by substantial evidence and should be reversed and remanded.

The additional evidence submitted to the Appeals Council consisted of Exhibits 13E, 14E, 3F, 4F, 5F, 6F, 7F, 8F, 9F. The Appeals Council concluded that Exhibits 13E, 14E, 3F, 4F, and 5F did not provide a basis for changing the ALJ's decision. Tr. 2. The Appeals Council incorrectly concluded that Exhibits 6F and 9F did **not** relate to the time period during which Plaintiff was last insured and therefore would not affect the disability decision. Defendant concedes that Exhibits 6F and 9F relate to the appropriate time period but argues that the error is harmless.

Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's date last insured. *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir.1987). Post–DLI (date last insured) medical evidence generally is admissible in an SSA disability determination in such instances in which that evidence permits an inference of linkage with the claimant's pre–DLI condition. *Bird v.Comm'r of Soc. Sec.*, 699 F.3d 337, 341 (4th Cir. 2012); *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969). "[A] treating physician may properly offer a retrospective opinion on the past extent of an impairment." *Wilkins v. Secretary, Dept. of Health and Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). "An ALJ may not reject a treating physician's opinion, based on medical expertise, concerning the extent of past impairment in the absence of persuasive contrary evidence." *Wilkins*, 953 F.2d at 96. Furthermore, the Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Id*. Evidence is new if it is not duplicative or cumulative. *Id*. Evidence is material if

there is a reasonable possibility that the new evidence would have changed the outcome. *See Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir.1985).

As stated above, the Appeals Council incorrectly concluded that Exhibits 6F and 9F did **not** relate to the time period during which Plaintiff was last insured and therefore would not affect the disability decision. The Magistrate Judge concluded that the error was harmless finding that "there is no 'reasonable possibility that the new evidence would have changed the outcome.'" R&R, at 23. The Magistrate Judge noted "[t]he ALJ gave Plaintiff even more restrictions than Dr. Oxendine." *Id*. The Court respectfully disagrees with the Magistrate Judge's finding that the Appeals Council's error was harmless. In Exhibit 6F, Dr. Oxendine found that Plaintiff could lift less than 10 pounds, sit less than 2 hours, and stand less than 6 hours. Tr. 263. The ALJ, on the other hand, found that Plaintiff could lift 10 pounds frequently, sit at least 2 hours, and stand at least 6 hours. Tr. 37. The ALJ, therefore, did not give Plaintiff more restrictions than Dr. Oxendine. Exhibits 6F and 9F are directly related to the period during which Plaintiff claims to have been disabled. Exhibit 6F is a questionnaire completed by Dr. Oxendine that gives Plaintiff's onset date as 1990 and answers questions regarding physical limitations. Tr. 261-269. In Exhibit 9F, Dr. Oxendine states the onset date was 2009 and sets forth the basis for his opinion. Exhibits 6F and 9F contain opinions that are new, material, and relate to the alleged onset date through the date last insured. The Court cannot say that there is no reasonable possibility that the new evidence would have changed the outcome, especially when Dr. Oxendine's opinions are not disputed by persuasive contrary evidence. *See Wilkins*, 953 F.2d at 96. Because the Appeals Council misconstrued the evidence as pertaining to a period of time after the Plaintiff's date last insured, an error that the Court cannot say was harmless, this matter should be remanded for further and proper consideration of the additional evidence Plaintiff submitted to the Appeals Council.

With regard to Plaintiff's request to reopen the associated 2011 SSI claim and merge it with the successful 2012 SSI claim, that matter is not properly before the Court as the 2011 SSI claim was never appealed to the district court. Additionally, Plaintiff did not raise this issue in his original brief before the Magistrate Judge.

As to the duty to develop the record, the Court notes that Plaintiff now has counsel who can assist in developing the record. The Court need not address the issue of whether the ALJ's alleged failure to develop the record constitutes a separate basis for remand since the Court has concluded that the Appeals Council's failure to properly construe Exhibits 6F and 9F was not harmless, and remand is being ordered on that basis.

## CONCLUSION

The Court has thoroughly reviewed the entire record as whole, including the transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Defendant's reply to the objections, and applicable law. For the foregoing reasons, the Court respectfully rejects the R&R of the Magistrate Judge. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein. Plaintiff's motion to supplement the record [ECF No. 32] and motion to add new onset evidence [ECF No. 49] are **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 18, 2015